IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:13-CR-322-D(01) |
| VS. | § | |
| | § | |
| BRENTON THOMAS MASSEY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Brenton Thomas Massey ("Massey") moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the court denies the motion.

I

Massey pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On April 1, 2016 the court sentenced him to 188 months' imprisonment, followed by 5 years of supervised release. Massey appealed his sentence, but the court of appeals affirmed. Massey also filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, but this motion was denied. He appealed the judgment in his § 2255 case, but the court of appeals affirmed this court's judgment.

On June 30, 2025 Massey filed the instant motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The court ordered the government to respond, which it did on July

29, 2025. Massey's reply, had he opted to file one, was due on August 26, 2025.[1] Massey's motion is now ripe for decision.

II

To the extent that Massey seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), the court denies his motion.

A

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[2] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth

---

[1]Massey did not file a reply, but he did move on August 28, 2025 to stay the proceedings on his pending motion so that he could exhaust his administrative remedies. Because the court is assuming *arguendo* that Massey has properly exhausted his administrative remedies, *see infra* note 2, it denies as moot Massey's motion to stay.

[2]Massey has failed to demonstrate under § 3582(c)(1)(A) that he properly exhausted his administrative remedies. In his August 28, 2025 motion to stay proceedings, he contends that he submitted a BP-9 request for administrative relief on August 25, 2025, which at that point remained pending. Because doing so does not change the outcome of the decision on Massey's motion, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

B

Massey moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) based on extraordinary and compelling reasons arising from an alleged misapplication of sentencing guidelines and ineffective assistance of counsel. He also contends that his low recidivism PATTERN score under the First Step Act "supports sentence reduction, alongside post-release rehabilitation and consistent employment." D. Mot. 1.

Because the court concludes below that Massey's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that Massey has shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

C

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

Massey is currently serving a 188-month sentence for committing a serious federal offense involving a firearm. He committed the instant offense while under a criminal justice sentence of parole. At the time of sentencing, his criminal history score was a category VI, and he qualified as an armed career criminal as a result of multiple prior adult convictions, including for unlawful possession with intent to deliver a controlled substance and attempt

to take a weapon from a police officer. Massey is not eligible for release from prison until October 7, 2026. Even though Massey is scheduled to be released is less than one year, the court concludes that his release would not be in the interest of justice and would minimize the seriousness of his crime. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, inter alia, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Massey's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

III

Although Massey seeks relief only under 18 U.S.C. § 3582(c)(1)(A), his motion challenges certain aspects of his sentence, including the alleged misapplication of sentencing guidelines and ineffective assistance of counsel.

To the extent that Massey's motion can be construed as challenging the legality of his sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255. *See Jeffers v.*

*Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)). And insofar as Massey seeks relief cognizable under § 2255, his claim would not support relief under § 3582(c). *See United States v. Escajeda*, 58 F.4th 184, 186-87 (5th Cir. 2023) ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153" of Title 28, through which "Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court." (citations omitted)).

Accordingly, to the extent that Massey challenges the legality of his underlying sentence, the court will not consider this challenge in deciding his motion under § 3582(c)(1)(A).

* * *

Massey's June 30, 2025 motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied.

**SO ORDERED**.

October 23, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE